UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**DAVID GUZMAN**,

    Plaintiff,                                     **JURY TRIAL DEMANDED**

v.

**NSI HOLDINGS LIMITED**,

    Defendant.
_____/

## COMPLAINT

Plaintiff David Guzman brings this action against Defendant NSI Holdings Limited, and alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE ACTION

1. This action arises from Defendant's unauthorized commercial use of Plaintiff's image and likeness to promote Uniformdating.com, Defendant's on-line dating service that purports to bring "together men and women in uniform, and those who admire them, and making their love lives easier."[1]

2. Defendant's business consists of "a comprehensive suite of traditional dating services," including Uniformdating.com, Cupid.com, SpeedDaterEvents.com, and Serencontrer.com.[2]

3. Plaintiff is a police officer and in the Air Force Reserve. He is married and has children.

4. To promote its Uniformdating.com site and service, Defendant scraped an on-line

---

[1] *See* https://www.uniformdating.com/; (last accessed on May 19, 2019).

[2] *See* https://nsiholdingsltd.com/; (last accessed on May 19, 2019).

photograph from Plaintiff's private Facebook account in which Plaintiff's police uniform could be partially seen, and then used that photograph in various Instagram and Facebook advertisements.

5. Plaintiff became aware of Defendant's use of his image and likeness in its advertisements, and demanded that Defendant cease its unauthorized use.

6. Defendant was resistant, astonishingly demanding that Plaintiff provide proof of his identity before removing the advertisements, which Plaintiff provided.

7. Nevertheless, Defendant continued its use of Plaintiff's photograph to advertise its Uniformdating.com site and service.

8. Plaintiff brings this action to secure an injunction against Defendant from its continued use of his likeness to promote its dating business, and to recover actual, statutory, and punitive damages stemming from Defendant's egregious conduct and violations of Plaintiff's rights.

## JURISDICTION AND VENUE

9. Jurisdiction is proper under 28 U.S.C. § 1332(a) as the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and Plaintiff is a citizen of the State of Florida and Defendant is a company with its principal office in the United Kingdom.

10. Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant provides and markets its services within this district thereby establishing sufficient contacts to subject it to personal jurisdiction. Further, Defendant's tortious conduct against Plaintiff occurred within this district.

## PARTIES

11. Plaintiff is a natural person who, at all times relevant to this action, was a resident of Miami-Dade County, Florida.

12. Defendant is a foreign company with its principal office located at 2, Angel Square, London, EC1V 1NY, England, United Kingdom. Defendant directs, markets, and provides business activities throughout the State of Florida.

## FACTS

13. Plaintiff is a police officer with the Golden Beach Police Department,

14. Plaintiff also served in the Air Force and is in the Air Force Reserve.

15. Plaintiff is married with children, and has never used, nor does he have any interest in Defendant's dating services.

16. Prior to April 2018, Plaintiff posted a photograph of himself on his private Facebook account in which a portion of his police uniform could be seen.

17. Subsequently, upon information and belief, Defendant or someone on Defendant's behalf scraped that photograph from Plaintiff's Facebook account and began using the photograph in social media advertisements, including on Instagram and Facebook, to promote Defendant's Uniformdating.com site and service.

18. On or about April 2018, Plaintiff was advised by several acquaintances that his photograph was being used in Defendant's social media advertisements on Instagram and Facebook.

19. Plaintiff was questioned by his wife why his photograph was on a dating service advertisement, and Plaintiff had to explain to his wife that he had no idea.

20. Furious that his photograph had been misappropriated and that he had to explain to his wife why he was appearing in a dating service advertisement, Plaintiff sent an e-mail to Defendant demanding the immediate removal of his likeness from Defendant's advertisements.

21. Rather than agreeing to immediately remove the photograph from its advertisements, Defendant resisted and responded by demanding that Plaintiff provide proof of his identity, even though

Defendant was well aware that it did not have permission to use Plaintiff's likeness in its advertisements.

22. Plaintiff complied with Defendant's demand and immediately provided proof of his identity by emailing Defendant a copy of his Florida's driver's license.

23. Nevertheless, Defendant continues to use Plaintiff's photograph in its social media advertisements.

24. Defendant never sought permission or authority to use Plaintiff's image, likeness and/or identity to advertise, promote, market or endorse Defendant's Uniformdating.com site and service.

25. Plaintiff never gave permission, or assigned, licensed or otherwise consented to Defendant using his image, likeness and/or identity to advertise, promote, market or endorse Defendant's Uniformdating.com site and service.

26. Defendant neither offered nor paid any remuneration to Plaintiff for the use his image, likeness and/or identity.

27. Defendant's use of Plaintiff's image, likeness and/or identity in connection with a dating service impugns Plaintiff's character, embarrasses him, and suggests – falsely – that he, a married person, is presently dating and seeking out other partners.

## COUNT I
### Violations of Fla. Stat. Ann. § 540.08

28. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

29. Plaintiff has a statutory right of publicity under Section 540.08, Florida Statutes.

30. Section 540.08(1), Florida Statutes, provides that: "No person shall publish, print, display or otherwise publicly use for purposes of trade or for any commercial or advertising purpose the name, portrait, photograph, or other likeness of any natural person without the express written or oral consent to such use."

31. Section 540.08(3), Florida Statutes, provides that: "If a person uses the name, portrait, photograph, or other likeness of a member of the armed forces without obtaining the consent required in subsection…a court may impose a civil penalty of up to $1,000 per violation in addition to the civil remedies contained in subsection (2). Each commercial transaction constitutes a violation under this section. As used in this section, the term "member of the armed forces" means an officer or enlisted member of the Army, Navy, Air Force, Marine Corps, or Coast Guard of the United States, the Florida National Guard, and the United States Reserve Forces, including any officer or enlisted member who died as a result of injuries sustained in the line of duty."

32. Despite the clear mandate of section 540.08(1), Defendant published Plaintiff's image, likeness or identity on websites and/or social media outlets, among others, in order to promote, advertise and market its business.

33. Defendant never sought permission or authority to use Plaintiff's image, likeness or identity to advertise, promote, market or endorse Defendant's business.

34. Plaintiff never consented to, permitted, assigned, licensed, or otherwise agreed to Defendant's use of his image, likeness or identity to advertise, promote, market or endorse Defendant's business.

35. Defendant intentionally or, at a minimum, recklessly published, printed, displayed, or otherwise publicly disseminated or used Plaintiff's image, likeness or identity without his consent, for purposes of trade or for other commercial or advertising purposes as detailed herein.

36. Defendant had actual or constructive knowledge of the wrongfulness of its conduct and acted with intent or with reckless disregard to deprive Plaintiff of a property interest during the entire time period in which the unauthorized use took place.

5

37. At a minimum, Defendant's conduct was so reckless or wanton in care that it constituted a conscious disregard of or indifference to Plaintiff's rights.

38. Alternatively, Defendant acted negligently towards Plaintiff in using and disseminating, without authority, his image, likeness or identity on websites and/or social media outlets in order to promote, advertise and market Defendant's business.

39. Defendant has caused irreparable harm to Plaintiff and his reputation by suggesting that Plaintiff, who is married, is actively seeking out other partners.

40. Additionally, as a member of the Air Force Reserve, Plaintiff is entitled to statutory damages of $1,000 for each commercial transaction in which Defendant used Plaintiff's photograph.

41. Defendant damaged Plaintiff as a direct and proximate result of its unauthorized use of Plaintiff's image, likeness or identity without compensating Plaintiff.

**WHEREFORE**, Plaintiff David Guzman respectfully requests this Court issue a judgment against Defendant for all remedies available under Fla. Stat. §540.08, including but not limited to, statutory damages, actual and punitive damages, costs, interest, and restitution of Defendant's unlawful proceeds, including Defendant's profits, and other relief deemed just and proper by this Court.

## COUNT II
### Common Law Right of Publicity

42. Plaintiff re-alleges paragraphs 1-27 of this Complaint as if fully set forth herein.

43. Under Florida law, Plaintiff has a common law right of publicity.

44. Defendant is prohibited from publishing, printing, displaying or publicly using for purposes of trade or for any commercial or advertising purpose the name, portrait, photograph, or other likeness of Plaintiff without express written or oral consent to such use.

45. Defendant published, printed, displayed and/or publicly used Plaintiff's image, likeness or identity on its websites and/or social media outlets, among others, for purposes of trade and/or commercial advertising.

46. Defendant took these actions without Plaintiff's permission, consent or authority. In fact, Defendant never sought permission nor authority to use Plaintiff's image, likeness or identity to advertise, promote, market or endorse Defendant's business.

47. Plaintiff never consented to, permitted, assigned, licensed, or otherwise agreed to Defendant's use of his image, likeness or identity to advertise, promote, market or endorse Defendant's business.

48. Defendant intentionally or, at a minimum, recklessly, published, printed, displayed, or otherwise publicly disseminated or used Plaintiff's image, likeness or identity without his express written or oral consent, for purposes of trade or for other commercial or advertising purposes as detailed herein.

49. Defendant had actual or constructive knowledge of the wrongfulness of its conduct and acted with intent or with reckless disregard to deprive Plaintiff of a property interest during the entire time period in which the unauthorized use took place.

50. At a minimum, Defendant's conduct was so reckless or wanton in care that it constituted a conscious disregard of or indifference to Plaintiff's rights.

51. Alternatively, Defendant acted negligently towards Plaintiff in using and disseminating, without authority, his image, likeness or identity on websites and/or social media outlets in order to promote, advertise and market Defendant's business.

52. Defendant has caused irreparable harm to Plaintiff and his reputation by suggesting that Plaintiff, who is married, is actively seeking out other partners.

53. Defendant damaged Plaintiff as a direct and proximate result of its unauthorized use of Plaintiff's image, likeness or identity without compensating Plaintiff.

**WHEREFORE**, Plaintiff David Guzman respectfully requests this Court issue a judgment against Defendant for all remedies available, including but not limited to actual and punitive damages, costs, interest, and restitution of Defendant's unlawful proceeds, including Defendant's profits, and other relief deemed just and proper by this Court.

## COUNT III
### Injunctive Relief

54. Plaintiff re-alleges paragraphs 1-27 of this Complaint as if fully set forth herein

55. Defendant continues to use Plaintiff's image and likeness to promote its business, and has failed to comply with Plaintiff's demand that it cease use of his image and likeness.

56. Unless enjoined by this Court Defendant will continue to use Plaintiff's image and likeness to promote its business.

**WHEREFORE**, Plaintiff David Guzman prays for a permanent injunction against Defendant to enjoin it from the unauthorized use of Plaintiff's image and likeness, and other relief deemed just and proper by this Court

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Date: May 19, 2019

Respectfully submitted,

**HIRALDO P.A.**

*/s/ Manuel S. Hiraldo*
Manuel S. Hiraldo
Florida Bar No. 030380
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
Email: mhiraldo@hiraldolaw.com
Telephone: 954.400.4713

**EDWARDS POTTINGER LLC**
Seth M. Lehrman
Florida Bar No. 132896
seth@pathtojustice.com
425 North Andrews Avenue
Suite
Fort Lauderdale, FL 33301
Telephone: 954-524-2820

*Plaintiff's counsel*